United States District Court
for the
Southern District of Florida

| | |
|---|---|
| GM Property Corp., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-24315-Civ-Scola |
| | ) |
| Capitol Specialty Insurance | ) |
| Corporation, Defendant. | ) |

### Order Denying Amended Motion to Strike Affirmative Defenses

Plaintiff GM Property Corp. asks the Court to strike all twenty-one affirmative defenses that Defendant Capitol Specialty Insurance Corporation raises in its answer to GM's one-count complaint. A court may strike "an insufficient defense." Fed. R. Civ. P. 12(f). In addition to various specific complaints, GM asserts generally that Capitol's affirmative defenses are all insufficient because they set forth "mere legal conclusions without setting forth any supporting facts." (Pl.'s Mot., ECF No. 15, 3.)

This Court finds that affirmative defenses are not held to the same pleading standard as claims for relief. *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)). The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses. *Id.* at 2–3. An affirmative defense is sufficient as long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue. *Cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1999) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

GM argues that all of Capitol's twenty-one affirmative defenses "fail[] to admit any essential facts of the complaint or demonstrate any other facts in justification or avoidance of Plaintiff's claims" and present merely "bare[-]bones conclusory allegations." (*E.g.*, Mot. at 3.) Since the Court rejects GM's argument that affirmative defenses are subject to the *Twombly/Iqbal* standard, the only analysis required is to determine whether these affirmative defenses give Capitol notice of an additional issue (not directly related to liability) that may be raised at trial so that GM can litigate the new issue. After reviewing Capitol's affirmative defenses 2 through 7, 10, 11, 13, and 16 through 21, the

Court concludes that they all sufficiently notify GM of specific new issues that GM may now litigate.

GM also complains that affirmative defenses 1 through 20 fail to address a "particular count, allegation, or legal basis of the Complaint." (*E.g.*, Mot. at 4.) But GM's two-page complaint contains only one count. GM should therefore have *zero* difficulty "determin[ing] which of the affirmative defenses are being asserted as to which count." *Cano v. S. Florida Donuts, Inc.*, No. 09-81248-CIV-RYSKAMP, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010) (Ryskamp, J.). GM's contention in this regard is unavailing.

GM further asks the Court to strike Capitol's affirmative defenses 1, 4, 6, and 7 because they are "not affirmative defense[s], but merely a denial of Plaintiff's prima facie case." (*E.g.*, Mot. at 4.) Upon review of not only the four affirmative defenses listed by GM, but all twenty-one of them, the Court finds that indeed Capitol has mislabeled "affirmative defenses" 1, 8, 9, 12, 14, and 15. However, the remedy for such an error "is not to strike the claim but instead to treat [each such affirmative defense] as a specific denial." *Ramnarine*, 2013 WL 1788503, at *4. The Court will therefore treat Capitol's "affirmative defenses" 1, 8, 9, 12, 14, and 15 as denials, but will not strike them.

Finally, GM complains that Capitol's affirmative defense 21 should be struck because Capitol has waived its right to raise it. In this affirmative defense, Capitol "reserves its right to request appraisal under the policy." (Def.'s Ans., ECF No. 8, 9.) GM submits, first, this is not an affirmative defense, and, second, Capitol, in any event, waived its right to an appraisal when it denied GM's claim. (Mot. at 19.) Neither of these arguments convinces. "As to the first argument, [the Plaintiff] offers no explanation or citation to authority." *Mazel Investments, LLC v. Axa Corp. Sols. Excess & Surplus Lines Ins. Co.*, No. 609-CV-1410-ORL31GJK, 2010 WL 996539, at *1 (M.D. Fla. Mar. 17, 2010). Thus, without more, the Court is not persuaded that Capitol's request for an appraisal cannot serve as an affirmative defense. *Id.* As to GM's second argument, the Court agrees with Capitol that GM's contention attempts to raise issues not present in the pleading. At best then, GM's argument is premature. *Id.*

The Court finds GM's concerns that Capitol's affirmative defenses will inevitably lead to a "discovery goat rodeo" to be overblown. (Pl.'s Reply, ECF No. 22, 4 (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014).) GM's complaint consists of one count, set forth in two pages. Capitol's answer and affirmative defenses all, in one way or another, respond directly to that one count. The scope of discovery is sufficiently narrow that the Court does not find warranted GM's anticipation that the Court "will soon be drowned

in an uncharted sea of depositions, interrogatories, and affidavits." (Pl.'s Reply at 4 (quoting *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)).). One of the main purposes and functions of discovery is to demand from an opposing party details about its defenses. And Rule 11 stands as a shield and sword, preventing a party from raising defenses that have no evidentiary support and imposing sanctions on those who do. *See, e.g., Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1375 (S.D. Fla. 2005) (Gold, J.) (awarding attorney's fees as a Rule 11 sanction for having to defend against affirmative defenses that were "legally and factually frivolous"). This Court will not hesitate to impose sanctions on any party who raises baseless "boilerplate" affirmative defenses in violation of Rule 11.

After considering the motion, the record, and the relevant legal authorities, and for the reasons explained in this order, the Court **denies** GM's motion to strike Capitol's answer and affirmative defenses (**ECF No. 15**).

**Done and ordered** at Miami, Florida on April 14, 2017.

_____
Robert N. Scola, Jr.
United States District Judge